IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HORTSMAN, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) ) | 21 C 4264 |
| v. ) ) | Judge Sara L. Ellis |
| OZINGA BROS., INC., ) ) | Magistrate Judge Beth W. Jantz |
| Defendant. ) | |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff David Hortsman and opt-in Plaintiffs Antonio E. Alicea, James L. Samorian, Jr., and William A. Vasquez (together "Plaintiffs"), and Defendant Ozinga Ready Mix Concrete, Inc., improperly named as "Ozinga Bros., Inc." ("Defendant"), by and through their attorneys, respectfully move this Court to approve their settlement. The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between them. In support of their motion, the Parties state as follows:

1.  On August 10, 2021, Plaintiff David Hortsman, on behalf of himself and others similarly situated, filed a collective action Complaint against Defendant alleging that he is owed unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL"). Dkt. No. 1. On October 4, 2021, Defendant filed its Answer to the Complaint. Dkt. No. 13. Powell's lawsuit is based on his allegations that he and similar situated individuals were not paid overtime as mandated by the FLSA. The Company denies Powell's allegations.

2.  On May 10, 2022, the Court conditionally certified a collective class pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) consisting of, "All Dispatch & Customer

Service Representatives employed by Ozinga Ready Mix Concrete assigned to the Elgin, Illinois and Mokena, Illinois offices and worked over 40 hours in a workweek from August 10, 2019, to the date of conditional certification." Dkt. 31. The Court-approved notice was sent to 27 class members. Three persons filed consent forms to join this lawsuit: Antonio E. Alicea, James L. Samorian, Jr., and William A. Vasquez. Dkts. 33, 34, 35 (an amended Consent), and 37.

3. The Parties been engaged in arm's-length settlement negotiations for the past several months and have reached a settlement of all claims.

4. Prior to reaching a settlement, counsel for Plaintiffs and the Company conducted thorough investigations into the merits of the Plaintiffs' claims and analyzed the defenses to Plaintiffs' claims and the damages to which the Plaintiffs may be entitled if they prevailed. Specifically, Defendant produced to Plaintiffs their time and pay records during the applicable statute of limitations period, Defendant's time keeping policies, and the job description for Plaintiffs' position. Therefore, the Parties have sufficient information to value their claims and reach a settlement.

5. In the Seventh Circuit, settlements of FLSA claims must be approved by a court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. If a

settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

6. As explained, the settlement was reached after extensive negotiations between the represented Parties and exchange of information and documentation. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded with additional written discovery and depositions, potentially filed dispositive motions, motions to decertify the class and/or a trial. This litigation could have lasted well into 2023. If Plaintiffs prevailed, Defendant would be faced with the prospect of a verdict against it and the obligation to pay such wages, attorneys' fees and costs. If Defendant prevailed on the merits, Plaintiffs faced dismissal of their claims and no recovery.

7. Each Plaintiffs' settlement amount was negotiated individually based on the number of hours worked multiplied by their wages for the statute of limitations period (or less if any Plaintiff worked less than three years). The settlement amounts also include payment for liquidated/treble damages, penalties and interest. The specific amounts for each Plaintiff are contained in Paragraph 1 of the Settlement Agreement. *See* Ex. A at ¶ 1(a)-(d). In accordance with the Court's December 14, 2022 Order (Dkt. No. 48), a copy of the Settlement Agreement was filed under seal as Exhibit A to this Motion.

8. Attorneys' fees and costs were also negotiated separately from Plaintiffs' amounts. The amount Plaintiffs' attorneys will receive is identified in Paragraph 1(e) of the Settlement Agreement. *See* Ex. A at ¶ 1(e). For purposes of settlement only, Defendant does not object to this award of attorneys' fees and costs. To the extent the Court nevertheless desires to

determine the reasonableness of the fees, Plaintiffs' counsel aver that they are reasonable. Plaintiffs' counsel has billed in excess of the settlement amount in prosecution of this matter and the fees and costs did not impact each Plaintiff's settlement award.

9. Based upon the foregoing, the Parties request that this Court review their Settlement Agreement, approve the same and dismiss this lawsuit with prejudice.

10. The Parties will submit a Joint Proposed Order for the Court's consideration to Proposed_Order_Ellis@ilnd.uscourts.gov.

WHEREFORE, The Parties respectfully request that the Court: (1) grant the Motion; (2) enter the Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) dismiss the Complaint and Plaintiffs' claims with prejudice and each party to bear their own fees and costs (except as provided in the Settlement Agreement); and (4) any other relief that the Court deems appropriate.

Dated: January 20, 2023               Respectfully submitted,

By: /s/ Josh Sanford                  By: /s/ Antonio Caldarone
    Josh Sanford                          Antonio Caldarone
    Colby Qualls                          Brian K. Jackson
    Sanford Law Firm                      Laner Muchin, Ltd.
    Kirkpatrick Plaza                     515 North State Street, Suite 2800
    10800 Financial Centre Pkwy, Suite 510   Chicago, IL 60654
    Little Rock, Arkansas 72211           (312) 467-9800
    josh@sanfordlawfirm.com               acaldarone@lanermuchin.com
    colby@sanfordlawfirm.com              bjackson@lanermuchin.com

    Attorneys for Plaintiffs              Attorneys for Defendant